IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| Eric Lum, | ) CIVIL NO. 19-00141 JAO-RT |
|---|---|
| Plaintiff, | ) ORDER DISMISSING COMPLAINT |
| | ) AND DENYING APPLICATION TO |
| vs. | ) PROCEED IN FORMA PAUPERIS |
| | ) WITH LEAVE TO AMEND |
| Chang, et al., | ) |
| Defendants. | ) |

ORDER DISMISSING COMPLAINT AND DENYING APPLICATION
TO PROCEED IN FORMA PAUPERIS WITH LEAVE TO AMEND

Before the Court is Plaintiff Eric Lum's Application to Proceed In Forma Pauperis ("IFP Application"), filed April 26, 2019. Plaintiff seeks to proceed In Forma Pauperis on his Complaint filed on March 20, 2019. For the reasons set forth below, the Court DISMISSES the Complaint and DENIES the IFP Application with leave to amend.

BACKGROUND

The Complaint alleges the following facts. While driving, Plaintiff was pulled over by Hawaii Police Department ("HPD") officers for an illegal turn. Upon request of his driver's license, Plaintiff gave the HPD officers a driver's license issued by the "Polynesian Kingdom of Atooi." The officers responded by

attacking Plaintiff's beliefs by telling him the "kingdom is fake," and laughing at him when he told them he is the Polynesian Kingdom of Atooi's United Nations Representative. HPD then told him he would have to "blow or go to jail," which appears to be an allegation that HPD demanded he take a breathalyzer alcohol test or go to jail. The Complaint states that Plaintiff refused to comply with the officers, and that he was arrested. The Complaint further alleges that HPD has refused to return Plaintiff's Polynesian Kingdom of Atooi driver's license.

## DISCUSSION

A. <u>Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)</u>

A court may deny leave to proceed in forma pauperis and dismiss the complaint if it appears from the face of the complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).

In the present case, even construing Plaintiff's Complaint liberally, *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate because the Complaint fails to state a claim upon which relief can be granted.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Federal Rule of Civil Procedure ("FRCP") 8 does not demand detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Additionally, FRCP 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Rules also require a complaint to name all the parties. FRCP 10(a).

As a threshold matter, Plaintiff's assertion of direct constitutional claims fails because he must seek redress of constitutional violations under 42 U.S.C. § 1983. *See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States

Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."). Further, a complaint must specify all parties, *see* FRCP 10(a), and Plaintiff has not adequately identified the defendants. Although the Complaint states that officers Chang and Ernest Hok Sum violated his rights, it is not clear who Plaintiff seeks to file suit against. Indeed, in Plaintiff's IFP Application, he lists the "State of Hawaii H.P.D." as the only defendant. ECF No. 4. On these deficiencies alone, the Complaint must be dismissed with leave to amend.

Furthermore, the Complaint as currently pled contains insufficient factual allegations to state a claim under the First, Fourth, and Eighth Amendments; and under the Due Process Clause. Plaintiff's Free Exercise claim appears to be founded solely on the allegations that the officers told Plaintiff the Polynesian Kingdom of Atooi is not real and laughed at him when he said he was the United Nations representative. This is insufficient to state a claim for relief. Plaintiff has not specified any sincerely held religious belief, or how the officers' conduct substantially burdened Plaintiff's free exercise thereof. *See, e.g.*, *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989); *Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008). Plaintiff's Fourth and Eighth Amendment claims are equally insufficient. It is unclear what specific actions constitute the alleged violations, as Plaintiff appears to allege generally that the traffic stop was a Fourth Amendment

violation, and that "being dragged though tons of hardships" related to his subsequent arrest constitutes cruel and unusual punishment. ECF No. 1. Plaintiff's factual allegations are not sufficiently detailed for the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* 556 U.S. 662, 678 (2009).

Plaintiff's Due Process claim for the officers' seizure and failure to return his Polynesian Kingdom of Atooi driver's license is also inadequately pled. Where a state officer deprives a plaintiff of property in a "random, unpredictable, and unauthorized" way, a state can "cure what would otherwise be an unconstitutional deprivation . . . by providing adequate postdeprivation remedies." *Zimmerman v. City of Oakland*, 255 F.3d 734, 737–38 (9th Cir. 2001). On the other hand, however, post-deprivation remedies will not cure a Due Process violation where "the state officer acted pursuant to some established procedure." *Id.* at 738. Here, Hawai'i provides a post-deprivation remedy for the return of seized property, Haw. R. Penal P. Rule 41(e), and Plaintiff's Complaint alleges that the officers' seizure of Plaintiff's property was of an unpredictable and unauthorized nature, stating that the officers "illegally confiscated" his license without any probable cause. ECF No. 1. Indeed, Plaintiff "does not even allege that the asserted [seizure] of his property occurred pursuant to a state procedure." *Hudson v. Palmer*, 468 U.S. 517, 534 (1984). Thus, as currently pled, Plaintiff has failed to state a Due Process

claim on which relief can be granted because Hawaiʻi has a post-deprivation remedy for the return of his property.

Courts should grant leave to amend unless the court determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370. Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Tripati*, 821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

Although the Complaint is deficient as currently pled, it is possible that the deficiencies could be cured by amendment. Accordingly, the Court dismisses the Complaint without prejudice and grants Plaintiff leave to amend his Complaint. Any amended complaint—which should be titled "First Amended Complaint"—must be filed by **June 13, 2019** and must cure the deficiencies identified above. Failure to timely file an amended pleading will result in the automatic dismissal of this action.

B. <u>IFP Application</u>

A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP

application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Plaintiff's IFP Application is incomplete with respect to his employment. Plaintiff states that he is currently employed, but he states only that his gross pay or wages is "profit," and that his take-home pay or wages are "N/A" during the pay period of "out of business." Perhaps Plaintiff intended to mean that his prior employer went out of business and is no longer paying him. If so, Plaintiff should state either that he is not employed, or that his take-home pay or wages are currently $0. Based on the application as written, Plaintiff is currently employed and receives some amount of "profit," but Plaintiff has not specified how much profit he receives. The Application requires Plaintiff to provide all necessary information for the Court to ascertain whether he is entitled to proceed in forma pauperis, including the amount of current and expected income. Because it is unclear to the Court how much income Plaintiff receives, the Court DENIES WITHOUT PREJUDICE the IFP Application. If Plaintiff elects to file an amended pleading, he must concurrently file an IFP Application that contains

7

complete and accurate responses to all questions or he must pay the applicable filing fee.

## CONCLUSION

For the reasons discussed above, the Court DISMISSES the Complaint with leave to amend and DENIES Plaintiff's IFP Application.

If Plaintiff elects to file an amended complaint, he must comply with the following requirements:

(1) Plaintiff's deadline to file an amended complaint is **June 13, 2019**;

(2) Plaintiff's amended complaint should be titled "First Amended Complaint";

(3) Plaintiff must cure the deficiencies identified above; and

(4) Plaintiff must file an IFP Application with the amended complaint or pay the applicable filing fee.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order and file an IFP Application or pay the applicable filing fee will result in the automatic dismissal of this action.

The Clerk of Court is directed to serve a copy of this order via email to Plaintiff's email address on record.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, May 13, 2019.

Jill A. Otake
United States District Judge

LUM V. CHANG ET AL., 19-CV-00141 - ORDER DISMISSING COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS WITH LEAVE TO AMEND