IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ERIC LUM, | ) | CIVIL NO. 19-00141 JAO-RT |
|---|---|---|
| Plaintiff, | ) ) ) | **ORDER DISMISSING ACTION WITH PREJUDICE** |
| vs. | ) ) | |
| CHANG, et al., | ) ) | |
| Defendants. | ) ) ) ) | |

## ORDER DISMISSING ACTION WITH PREJUDICE

Plaintiff Eric Lum commenced this action on March 20, 2019. On May 13, 2019, the Court issued an Order (1) Dismissing Complaint and (2) Denying Application to Proceed in Forma Pauperis ("Dismissal Order"). ECF No. 6. The Court dismissed the Complaint due to multiple deficiencies and because it failed to state a claim upon which relief could be granted, but authorized Plaintiff to file an amended complaint. *Id.* at 3–6. The Court directed Plaintiff to cure the deficiencies identified in the Order and cautioned that his failure to file an amended pleading that conforms with the Order would result in the dismissal of the action. *Id.* at 8. The Court imposed a deadline of June 13, 2019 for Plaintiff to file an amended complaint, along with an IFP Application or the applicable filing fee. *Id.* To date, Plaintiff has not filed an amended complaint.

Courts do not take failures to prosecute and failures to comply with Court orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to dismiss an action sua sponte for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court specifies otherwise, a dismissal under this rule operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Although the Court recognizes that Plaintiff is proceeding pro se, he is not exempt from complying with all applicable rules. Local Rule 83.13 ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiff's failure to comply with the Court's Dismissal Order and failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this action with prejudice. The public's interest in expeditious resolution of this

litigation strongly favors dismissal, *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted), as does the Court's need to manage its docket. *Id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, there is no risk of prejudice to Defendants, as they have yet to be served. Finally, there are no less drastic alternatives than dismissal of this action. This case cannot proceed without an operative pleading and the Court has already given Plaintiff an opportunity to amend his complaint. Although public policy favors disposition of cases on the merits, Plaintiff's failure to comply with the Court's deadline and the other factors outlined above outweigh this factor. As such, the Court dismisses the case with prejudice.

## CONCLUSION

In accordance with the foregoing, this action is HEREBY DISMISSED WITH PREJUDICE for failure to prosecute.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, June 24, 2019.

Jill A. Otake
United States District Judge

CV 19-000141JAO-RT; *Lum v. Chang, et al.*; ORDER DISMISSING ACTION WITH PREJUDICE